# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

## CASE NO.:  1:20-cv-04893

| | |
|---|---|
| HOWARD SCHATZ and BEVERLY ORNSTEIN,<br><br>                 Plaintiffs,<br><br>v.<br><br>PIXELS.COM, LLC and TIME USA, LLC,<br><br>                 Defendants. | **COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br>(INJUNCTIVE RELIEF DEMANDED) |

Plaintiffs HOWARD SCHATZ and BEVERLY ORNSTEIN, by and through their undersigned counsel, bring this Complaint against Defendants PIXELS.COM, LLC and TIME USA, LLC for damages and injunctive relief, and in support thereof states as follows:

1.     This is an action arising under the Copyright Act, 17 U.S.C. §§ 501, 1202.

2.     This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

3.     Defendants are subject to personal jurisdiction in New York.

4.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendants engaged in infringement in this district, Defendants reside in this district, and Defendants are subject to personal jurisdiction in this district.

5.     Plaintiffs HOWARD SCHATZ ("Schatz") and BEVERLY ORNSTEIN ("Ornstein"), bring this action for violation of their exclusive rights under the Copyright Act to

copy, display, create derivative works and distribute Schatz's original copyrighted works of authorship, and for falsification of copyright management information.

6.    Schatz is an American photographer whose photographs are exhibited in museums and photography galleries internationally and are included in innumerable private collections. Schatz has received international acclaim for his work and has won virtually every award in his field including numerous "Photographer of the Year" awards and Gold Medals in the most prestigious competitions, such as Graphis Photography Annual and One Eyeland. His work has also been published in twenty-two monographs.

7.    Schatz's images are in high demand. He has been sought out and contracted to capture photographs for advertising by clients such as Ralph Lauren RLX, Escada, Sergio Tacchini, Nike, Reebok, Wolford, Etienne Aigner, Sony, Adidas, Finlandia Vodka, MGM Grand Hotel, Virgin Records, and Mercedes-Benz.

8.    Ornstein, Schatz's wife and business partner, own the copyrights in Schatz's images jointly.

9.    Defendant Pixels.com, LLC ("Pixels") is an Illinois limited liability company with its principal place of business at 2202 Main Street, Santa Monica, California, 90405, and can be served by serving its Registered Agent, Mr. Sean T. Broihier, at the same address.

10.    Pixels owns and operates numerous print on demand websites including www.fineartamerica.com, www.1xondemand.com, www.bridgemanondemand.com, www.designerprints.com, www.licensing.pixels.com, www.mobileprints.com, www.pixels.com, www.scottlistfieldondemand.com, www.shopdeckthewallsart.com, www.shopforart.com, and www.shopthegreatframeupart.com.

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

11.     In truth, Pixels is nothing more than a vehicle for the unlawful exploitation and infringement of valuable and iconic images like those created by Schatz. A large percentage of Pixels' business is copyright infringement plain and simple.

12.     Pixels claims protection from the Digital Millennium Copyright Act, but its business fails to qualify as a service provider under 17 U.S.C. § 512(c).

13.     Defendant TIME USA, LLC ("Time USA") is a Delaware limited liability company with its principal place of business at 225 Liberty Street, New York, New York, 10281, and can be served by serving its Registered Agent, CT Corporation System, at 28 Liberty Street, New York, New York, 10005.

14.     Time USA is the current owner of the trademark for the American weekly news magazine and website entitled "TIME."

15.     The defendants recently announced that "TIME has selected Pixels to power their new e-commerce website and sell canvas prints, framed prints, metal prints, and wood prints of your favorite magazine covers! TIME joins hundreds of globally-recognized brands such as Sports Illustrated, Vanity Fair, The New Yorker, National Geographic, Vogue, Anne Geddes, and Major League Baseball that sell through Pixels.com and power their websites with Pixels.com technology."

16.     Included among the "favorite magazine covers" available for purchase in the form of "canvas prints, framed prints, metal prints, and wood prints" are five Time Magazine covers which feature Schatz's photographs shown below in figures 1 through 5 below.

**Figure 1**
**Time Magazine, December 9, 2002**



**Figure 2**
**Time Magazine, February 18, 2002**



**SRIPLAW**

CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

**Figure 3**
**Time Magazine, April 28, 2003**



**Figure 4**
**Time Magazine, August 30, 2004**



**SRIPLAW**

CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

**Figure 5**
**Time Magazine, April 28, 2003**



17.     Each of the photographs displayed on the Time Magazine covers shown in Figures 1 through 5 above, herein collectively referred to as the "Works," were created by Schatz and are copyrighted by Schatz and Ornstein.

18.     Defendants are selling Plaintiffs' Works in numerous locations on the Internet including at https://timecoverstore.com/ and https://pixels.com/overview/lookbooks/time-covers.

19.     The photographs displayed in Figures 1, 2 and 4 above were registered with the Register of Copyrights on April 20, 2007 and assigned the registration number VAu000740418. A true and correct copy of the registration certificate is attached hereto as Exhibit 1.

20.     The photographs displayed in Figures 3 and 5 above were registered with the Register of Copyrights on January 16, 2009 and were assigned the registration number VAu001034033. A true and correct copy of the registration certificate is attached hereto as Exhibit 2.

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

21.    At or about the time of the publication of each issue of Time Magazine shown above, the Works were licensed to the company that owned Time Magazine at that time for the limited use of the Works as the cover photos for those issues, and for no other purpose.

22.    Neither Schatz nor Ornstein ever licensed the Works to Pixels or Time USA for the purposes for which the defendants are using the Works now, namely the making of "canvas prints, framed prints, metal prints, and wood prints."

23.    In connection with the display, copying and sale of the Works, defendants have falsified copyright management information by: a) falsely claiming ownership of or rights to plaintiff's work by superimposing the name of their website "fineartamerica.com" on "full resolution previews" of plaintiffs' Work, and b) falsely crediting "Time" as the photographer/artist instead of crediting the plaintiffs as shown below in Figure 6.

**Figure 6**
**Screenshot showing "fineartamerica.com" superimposed**
**over a portion of the Work and false CMI**



**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

24.     The sale of "canvas prints, framed prints, metal prints, and wood prints" of the issues of Time Magazine by defendants competes with Schatz and Ornstein's fine art printing and licensing business at https://howardschatz.com/ where prints of Schatz's works, including the Works at issue in this action, can be viewed and licensed.

25.     Neither defendant bothered to seek permission or license from Schatz or Ornstein prior to embarking upon their latest venture selling "canvas prints, framed prints, metal prints, and wood prints" of the Works.

26.     Neither defendant ever requested nor received permission to place the "fineartamerica.com" watermark on the Works.

27.     The defendants' continued exploitation and sale of the Works causes harm to Schatz and Ornstein that cannot be addressed by damages alone.

28.     Defendants purposefully disregard copyright law based on its misplaced belief that they are entitled to protection pursuant the DMCA safe harbor. Defendants are not entitled to safe harbor or other defense pursuant to 17 U.S.C. § 512 in this action. Defendants' business model facilitates and profits from rampant copyright infringement.

## COUNT I
## COPYRIGHT INFRINGEMENT

29.     Plaintiffs incorporate the allegations of paragraphs 1 through 28 of this Complaint as if fully set forth herein.

30.     Plaintiffs own valid copyrights in the Works at issue in this case.

31.     Plaintiffs registered the Works at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

32.      Defendants copied, displayed, and distributed the Works at issue in this case and made derivatives of the Works without Plaintiffs' authorization in violation of 17 U.S.C. § 501.

33. Defendants performed the acts alleged in the course and scope of its business activities.

34. Defendants' acts were willful.

35. Plaintiffs have been damaged.

36. The harm caused to plaintiffs has been irreparable.

### COUNT II
### FALSIFICATION OF COPYRIGHT MANAGEMENT INFORMATION

37. Plaintiffs incorporate the allegations of paragraphs 1 through 28 of this Complaint as if fully set forth herein.

38. Defendants knowingly and with the intent to enable or facilitate copyright infringement, provided CMI that is false in connection with the defendants' copying and display of the Works at issue in this action in violation of 17 U.S.C. § 1202(a).

39. Defendants caused, directed and authorized others commit these acts knowing or having reasonable grounds to know that they will induce, enable, facilitate or conceal infringement of Plaintiffs' rights in the Works at issue in this action protected under the Copyright Act.

40. Plaintiffs have been damaged.

41. The harm caused to Plaintiffs is irreparable.

WHEREFORE, the Plaintiffs Howard Schatz and Beverly Ornstein pray for judgment against Defendants Pixels.com, LLC and Time USA, LLC that:

    a. Defendants and their officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. §§ 501, 1203;

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

b.  Defendants be required to pay Plaintiffs their actual damages and Defendants' profits attributable to the infringement, or, at Plaintiffs' election, statutory damages, as provided in 17 U.S.C. §§ 504, 1203;

c.  Plaintiffs be awarded its attorneys' fees and costs of suit under the applicable statutes sued upon;

d.  Defendants be required to account for all profits, income, receipts, or other benefits derived by Defendants as a result of their unlawful conduct;

e.  Plaintiffs be awarded prejudgment interest; and

f.  Plaintiffs be awarded such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury of all issues so triable.

DATED: June 25, 2020                                Respectfully submitted,


*/s/  Joel B. Rothman*
JOEL B. ROTHMAN (JR0352)
joel.rothman@sriplaw.com
JOSEPH A. DUNNE (JD0674)
joseph.dunne@sriplaw.com
JONAH A. GROSSBARDT (JG5854)
jonah.grossbardt@sriplaw.com

**SRIPLAW**
125 Maiden Lane
Suite 5C
New York, NY  10038
929.200.8446 – Telephone
561.404.4353 – Facsimile

*Attorneys for Plaintiffs Howard Schatz and Beverly Ornstein*